EILEEN B. GOLDSMITH (SBN 218029)
DANIELLE LEONARD (SBN 275752)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: egoldsmith@altber.com; dleonard@altber.com

SAMUEL J. STRAUSS*
RAINA C. BORRELLI*
**STRAUSS & BORRELLI PLLC**
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
E-mail: sam@straussborrelli.com , raina@straussborrelli.com

J. GERARD STRANCH, IV*
MICHAEL C. IADEVAIA*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
E-mail: gstranch@stranchlaw.com, miadevaia@stranchlaw.com

*Additional attorneys on the following page*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD DEAN, on behalf of himself and those similarly situated, | CASE NO.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| MOXION POWER CO., | |
| Defendant. | |

1

CLASS ACTION COMPLAINT

1  LYNN A. TOOPS*
   AMINA A. THOMAS*
2  **COHEN & MALAD, LLP**
   One Indiana Square, Suite 1400
3  Indianapolis, IN 46204
4  Telephone: (317) 636-6481
   ltoops@cohenandmalad.com
5  athomas@cohenandmalad.com

6  * *Pro Hac Vice* applications to be submitted

7  *Counsel for Plaintiff and the Proposed Class*

# CLASS ACTION COMPLAINT

Richard Dean ("Plaintiff"), on behalf of himself and a putative class of similarly situated former employees as defined herein, brings this suit against Defendant Moxion Power Co. ("Defendant" or "Moxion") by way of this Class Action Complaint, and alleges as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 ("WARN Act") and the California Worker Adjustment and Retraining Notification Act, Cal. Lab. Code § 1400, *et seq*., ("California WARN Act"), by the Plaintiff on his own behalf and on behalf of the other similarly situated persons against Moxion, the employer for WARN Act and California WARN Act purposes.

2. On or about July 25, 2024, Defendant made a mass layoff or plant closure by, unilaterally and without proper notice, permanently terminating approximately 247 employees at its Richmond, California facilities.

3. Defendant failed to provide 60 days advance written notice as required by the WARN Act, 29 U.S.C. § 2101 *et seq.,* and the California WARN Act, Cal. Lab. Code § 1401, to the affected employees.

4. On July 18, 2024, employees were notified that they would be furloughed until August 5.

5. A week later, on July 25, 2024, Defendant told employees that they would be indefinitely terminated effectively immediately that day.

6. Defendant's July 25, 2024, terminations constitute a mass layoff or plant closing which became effective on that same day—July 25, 2024. As such, Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act and California WARN Acts.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

8. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

10. This action is properly assigned to the San Francisco or Oakland Divisions of this Court pursuant to Civ. L.R. 3-2(d).

## PARTIES

11. Plaintiff Richard Dean is a citizen of the United States and resident of Contra Costa County, California. Plaintiff Dean was employed by Defendant at all relevant times. Plaintiff is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7) and an "employee" within the meaning of the California WARN Act, Cal. Lab. Code § 1400.5(h).

12. Defendant Moxion Power Co. is a Delaware Corporation with its principal place of business at 1414 Harbour Way South, Suite 2801, Richmond, CA 94804. Defendant may be served via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801. Defendant Moxion, at all relevant times, operated the facility located at 1414 Harbour Way South, from where the employees worked.

## FACTS

13. On or about July 25, 2024, without notice or warning, Defendant informed its employees at the 1414 Harbour Way South Facility ("Facility") that it was eliminating certain positions and terminating certain employees' employment effective immediately and that terminated employees would perform no additional compensated services.

14. On information and belief, 247 employees, all working from the Facility, were terminated as part of the layoff.

15. Plaintiff Richard Dean was employed as a full-time employee by Defendant since early 2023.

16. On July 25, 2024, Plaintiff was informed that he had been paid for his time worked and was advised to collect his last paycheck.

17. On information and belief, Defendant provided a notice to the California Employment Development Department on July 19, 2024, that the 247 employees would be terminated on August 5, 2024. In fact, however, those employees were all terminated on July 25, 2024.

18. Defendant did not provide notice as required by the federal WARN Act, 29 U.S.C. § 2101 *et seq*. or California WARN Act, Cal. Lab. Code § 1400 *et seq*., even though it planned to abolish, terminate, and/or layoff more than 100 full-time employees employed at the Facility.

19. No circumstances existed that would have permitted Defendant to reduce the notification period provided in 29 U.S.C. § 2102(b) and Cal. Lab. Code § 1401.

20. By failing to provide its affected employees who were temporarily or permanently terminated on or around July 25, 2024, with WARN Act Notice and other benefits, Defendant has acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the federal/California WARN Acts.

## RULE 23 CLASS ACTION ALLEGATIONS

21. Plaintiff brings the WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Defendant at the 1414 Harbour Way South Facility, who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the federal WARN Act) within 90 days of July 25, 2024.

22. Plaintiff brings the California WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Defendant at the 1414 Harbour Way South Facility, who were terminated pursuant to a mass layoff or termination (as those terms are defined in California Labor Code § 1400.5) within 90 days of July 25, 2024.

23. Class Action treatment of Plaintiff's federal WARN Act claims and California WARN Act claims are appropriate because the Federal Rule of Civil Procedure 23's Class Action prerequisites are satisfied. For example:

a. Both classes include, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the classes, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff or plant closing under the WARN Act, 29 U.S.C. § 2102, and whether Defendant failed to provide adequate notice of its mass layoff or mass termination under the California WARN Act, Cal. Lab. Code § 1401. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiff is a member of both classes, and the claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the classes and their interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

24. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

25. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the putative class.

26. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

# COUNT I

## VIOLATIONS OF THE FEDERAL WARN ACT, 29 U.S.C. §§ 2101, *et seq.*

**(*On behalf of Plaintiff and the putative class*)**

27. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

28. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

29. Defendant employed more than 100 full-time employees for at least six months of the 12 months preceding the date that notice was required under the WARN Act.

30. Plaintiff and the putative class were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

31. The July 25, 2024, closure of Defendant's Facility constituted a "plant closing" as defined in 29 U.S.C. § 2101(a)(2) in that it was a permanent or temporary shutdown of a single site of employment that resulted in an employment loss for 50 or more employees. The terminations or shutdown will last longer than 30 days.

32. Alternatively, the July 25, 2024, permanent layoffs constitute a "mass layoff" because they resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B).

33. For purposes of 29 U.S.C. § 2101(a)(3)(B), the Facility constitutes a single site of employment in that the location is a single site within the same geographic area, with one operational purpose, and employees share the same staff or equipment. Employees were assigned the Facility as their home base. In other words, it was the place from which their work was assigned, and the place to which they reported for work.

34. Thus, Defendant's termination of approximately 247 employees, consisting of the entire population of employees working from the Facility, satisfies 29 U.S.C. § 2101(a)(3)(B)(i)(I)-(II) because over 33 percent of employees working at the single site of employment were terminated and more than 50 employees were terminated.

35. The WARN Act requires employers to provide 60 days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at

that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

36. On information and belief, prior to July 25, 2024, Defendant did not give proper prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and the putative class, as that term is defined in 29 U.S.C § 2101(a)(5). Upon information and belief, nor did Defendant give proper *prior* written notice to the California Employment Development Department ("EDD"), or to the chief elected official of the local government within which the mass layoff was ordered.

37. Defendant violated the WARN Act by failing to give timely written notice as required by 29 U.S.C. § 2102(a) of the mass layoff or plant closing that began on or about July 25, 2024.

38. As such, Plaintiff and the putative class are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

39. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(a)(5).

40. Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## COUNT II

**VIOLATIONS OF THE CALIFORNIA WARN ACT, CAL. LAB. CODE §§ 1401,** *et seq.*

**(*On behalf of Plaintiff and the putative class*)**

41. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

42. Defendant is an "employer" within the meaning of the California WARN Act, Cal. Lab. Code § 1400.5(b).

43. Plaintiff and the putative class were at all relevant times "employees" within the meaning of the Cal. Lab. Code § 1400.5(h).

44. The July 25, 2024, permanent layoffs resulted in a "layoff," "mass layoff," or "termination" as defined in Cal. Lab. Code § 1400.5(c), (d), and (f) in that it was a permanent or temporary shutdown of a single site of employment that resulted in an employment loss for 50 or more employees. Upon information and belief, the shutdown will last longer than 30 days.

45. For purposes of Cal. Lab. Code § 1400.5(a), the Facility employed more than 75 persons within the preceding 12 months and constitute a single "covered establishment" in that the locations are within the same geographic area, share the same operational purpose, and may share the same staff or equipment. The facility is the place at which relevant employees were assigned as their home base, the place from which their work was assigned, and the place where they reported for work.

46. The California WARN Act requires employers to provide 60 days' notice of any plant closing to "the employees of the covered establishment affected by the order" and "[t]he California Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the termination, relocation, or mass layoff occurs." Cal. Lab. Code § 1401(a)(1)–(2).

47. On information and belief, prior to July 25, 2024, Defendant did not give proper prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and the putative class, as that term is defined in Cal. Lab. Code § 1401(a)(1)–(2). Upon information and belief, nor did Defendant give proper written notice to the California Employment Development Department ("EDD"), or to the chief elected official of the local government within which the mass layoff was ordered.

48. Defendant violated the California WARN Act by failing to give timely written notice of the mass layoff, which began on or about July 25, 2024, as required by the California WARN Act, Cal. Lab. Code § 1401.

49. The California WARN Act expressly permits a person to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of Cal. Lab. Code § 1404.

50. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102, which are incorporated into the California WARN Act, Cal. Lab. Code § 1401(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and counsel of record as Class Counsel.

2. A declaration that Defendant has violated the WARN Act and California WARN Act.

3. A judgment against Defendant and in favor of Plaintiff and the putative class equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A), and California WARN Act, Cal. Lab. Code § 1402.

4. A judgment against Defendant and in favor of Plaintiff and the putative class for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and the putative class during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B) and California WARN Act, Cal. Lab. Code § 1402.

5. A finding that Defendant's violations of the WARN Act and California WARN Act were and are willful, not in good faith, and that Defendant had no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102, and/or the California WARN Act, Cal. Lab. Code § 1401.

6. A judgment against Defendant and in favor of Plaintiff and the putative class for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and/or California WARN Act, and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d).

7. Such other and further relief as this Court deems just and proper and allowed under the WARN Act and California WARN Act.

Dated: August 5, 2024

/s/ Eileen B. Goldsmith
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
**ALTSHULER BERZON LLP**
177 Post St., Suite 300
San Francisco, CA 94108
T: (415) 421-7151
F: (415) 362-8064
egoldsmith@altber.com
dleonard@altber.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS & BORRELLI PLLC**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

J. Gerard Stranch, IV*
Michael C. Iadevaia*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
T: (615) 254-8801
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Lynn A. Toops*
Amina A. Thomas*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
T: (317) 636-6481

ltoops@cohenandmalad.com
athomas@cohenandmalad.com

*\* Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT